**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 24, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

DEANNA MARTINEZ,

    Petitioner - Appellant,

v.

SOCIAL SECURITY
ADMINISTRATION OFFICE OF THE
INSPECTOR GENERAL,

    Respondent - Appellee.

No. 19-1227
(D.C. No. 1:19-MC-00004-MSK)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **McHUGH**, and **MORITZ**, Circuit Judges.
_____

As part of an investigation into Deanna Martinez's eligibility for Supplemental

Security Income benefits, the Social Security Administration's Office of the

Inspector General (SSA-OIG) served a subpoena on Ms. Martinez's credit union.

Ms. Martinez filed a motion to quash the subpoena, which the district court denied on

February 12, 2019.  Ms. Martinez did not appeal, but nearly three months later, she

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

filed a motion for the appointment of counsel. The district court denied the motion, stating that because it had closed the case, "[t]here is no longer a case in this Court for which appointment of counsel would be appropriate." R. at 49. Ms. Martinez appeals from the denial of her motion to appoint counsel.

SSA-OIG argues that this court lacks jurisdiction over this appeal because it is moot. "Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate." *Id.* "When it becomes impossible for a court to grant effective relief, a live controversy ceases to exist, and the case becomes moot." *Ind v. Colo. Dep't of Corr.*, 801 F.3d 1209, 1213 (10th Cir. 2015) (internal quotation marks omitted).

The district court resolved Ms. Martinez's motion to quash the subpoena and closed the case in February 2019. Ms. Martinez did not appeal from that decision. Accordingly, as the district court recognized, by the time Ms. Martinez filed her motion for counsel, there was no longer any pending judicial case in which to appoint her counsel. Instead, any continuing controversy between Ms. Martinez and SSA-OIG was (and is) only in the context of the administrative investigation. To the extent that Ms. Martinez requests court-appointed counsel to assist her in that administrative proceeding, she does not cite any source of authority for either this court or the district court to take such action, and we are aware of none.

2

Because there is no judicial proceeding in which to appoint counsel, and we cannot appoint counsel for Ms. Martinez in the administrative proceeding, we cannot grant her any effective relief. The appeal therefore is moot and is dismissed for lack of Article III jurisdiction.

Entered for the Court

Carolyn B. McHugh
Circuit Judge